UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM H. MESSENGER,

    Petitioner,

    v.

GREG McQUIGGIN

    Respondent.
_____/

CASE NO. 2:09-CV-13860
CHIEF JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7)

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should deny the petition. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner William H. Messenger is a state prisoner, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner is serving a sentence of life imprisonment without possibility of parole imposed as a result of his 1994 state court convictions for first degree premeditated murder, assault with intent to commit murder, and felony firearm. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- On June 24, 1994, petitioner was convicted following a jury trial in the Wayne County Circuit Court. On July 7, 1994, the trial court imposed its sentence.

- Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising claims extraneous jury influence, improper jury instructions, prosecutorial misconduct, ineffective assistance of counsel, and newly discovered evidence of

innocence. The court of appeals affirmed petitioner's conviction on January 21, 1997. *See People v. Messenger*, 221 Mich. App. 171, 561 N.W.2d 463 (1997).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On March 31, 1998, petitioner's application for leave to appeal was denied in a standard order. *See People v. Messenger*, 456 Mich. 955, 577 N.W.2d 688 (1998).

- On June 5, 2000, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509. The trial court denied the motion on June 19, 2000, and denied his motion for reconsideration on July 17, 2000. It does not appear that petitioner filed an appeal from this decision.

- On November 16, 2005, petitioner filed a motion to amend his sentence. The trial court denied the motion on December 8, 2005. Again it does not appear that petitioner filed an appeal from this decision.

- Petitioner filed a second motion for relief from judgment on April 19, 2007, asserting that the Michigan legislature's amendment of the self-defense statute should be retroactively applicable to his case. The trial court denied the motion on July 24, 2007, and denied his motion for reconsideration on September 18, 2007. Petitioner's delayed application for leave to appeal was denied by the Michigan Court of Appeals on July 10, 2008, *see People v. Messenger*, No. 284408 (Mich. Ct. App. July 10, 2008), his delayed application for leave to appeal to the Michigan Supreme Court was denied on November 25, 2008, *see People v. Messenger*, 482 Mich. 1067, 760 N.W.2d 462 (2008).

On September 24, 2009, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner contends that the legislative amendments to the Michigan self-defense statute apply retroactively, and relatedly that under the statute the jury was improperly instructed. Petitioner also contends that the state courts erred in failing to adjudicate these claims in his second motion for relief from judgment, instead denying that motion on procedural grounds. On April 1, 2010, respondent filed this motion for summary judgment, asserting that

---

[1]Although petitioner's application is file-stamped September 30, 2009, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated September 24, 2009. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on September 24, 2009.

petitioner's claims are untimely. Petitioner filed a response to the motion on May 5, 2010. For the reasons that follow, the Court should conclude that petitioner's application is untimely. Alternatively, the Court should conclude that petitioner's claims are without merit.

B.   *Statute of Limitations*

1.   *Timeliness under § 2244(d)(1)(A)*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

---

[2] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the default provision of § 2244(d)(1)(A) applies, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded with the Michigan Supreme Court's denial of his application for leave to appeal on March 31, 1998. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired, or on June 29, 1998. Thus, the limitations period commenced on this date, and expired one year later on June 29, 1999. Because petitioner did not file his habeas application until September 24, 2009, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's first motion for relief from judgment was filed in the trial court on June 5, 2000. By this time, however, the limitations period had been expired by nearly a full year. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Because petitioner's postconviction motion was filed after the limitations period had expired, there was no time remaining on the limitations period to toll, and thus petitioner's application is untimely.

2. *Delayed Starting Under § 2244(d)(1)(C)*

Although petitioner does not expressly argue for delayed starting of the limitations period under § 2244(d)(1)(C), his application and reply suggest reliance on this provision. Under § 2244(d)(1)(C), the limitations period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." By its terms, this provision is inapplicable here. Although petitioner's claim is based on what he claims is a retroactive change in the law, it is not based on a newly recognized constitutional right. Rather, the claim is based on a new state statute. "Petitioner is not entitled to rely on § 2244(d)(1)(C) because he relies on a change in [Michigan] state law, not on any constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." *Akers v. Curry*, No. CV 07-7195, 2008 WL 5099696, at *4 (C.D. Cal. Nov. 25, 2008).

Further, even if petitioner were entitled to invoke § 2244(d)(1)(C), his application would still

5

be untimely. The Self Defense Act–the change in law upon which petitioner relies–became effective on October 1, 2006. *See* 2006 Mich. Pub. Acts 309 (Oct. 1, 2006) (codified at MICH. COMP. LAWS §§ 780.971-.974); 2006 Mich. Pub. Acts 310 (Oct. 1, 2006) (codified at MICH. COMP. LAWS § 780.961). Under § 2244(d)(1)(C), the statute begins to run on the date the new right is recognized. *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005). From October 1, 2006, until petitioner filed his second motion for relief from judgment in the trial court on April 19, 2007, 200 days elapsed on the limitations clock. Assuming that the second motion for relief from judgment tolled the limitations clock, petitioner had 165 days remaining when the clock began to run again on February 24, 2009, when the Michigan Supreme Court denied his motion for reconsideration. From that time until petitioner filed his habeas application on September 24, 2009, an additional 212 days elapsed. Thus, even if petitioner were entitled to delayed starting under § 2244(d)(1)(C), his application is still untimely by 112 days.

      3.    *Equitable Tolling*

The statute of limitations provision is not jurisdictional, and is subject to equitable tolling. *See Holland v. Florida*, No. 09-5327, slip op. at 12 (U.S. June 14, 2010). To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Holland*, slip op. at 16-17. "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing. On his form application, petitioner asserts that he did not understand the limitations period or how it was calculated. *See* Pet., ¶ 10(d). Petitioner's *pro se* status or lack of knowledge of the law provide no

6

basis for equitable tolling. The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.).

Further, even if petitioner could show extraordinary circumstances, he cannot show that he acted diligently. Even if it was unclear how the limitations period applied shortly after it was enacted, the courts quickly provided interpretative guidance. Petitioner's application was nevertheless filed over 15 years after his conviction. Petitioner waited a year and half after the expiration of direct review to file his first motion for relief from judgment, over five years after the conclusion of the motion for relief from judgment proceedings to file his motion to amend sentence, another year and half after the trial court's denial of that motion to file his second motion for relief from judgment, and another seven months after the conclusion of the second post-conviction motion proceedings to file his habeas application. In these circumstances, petitioner has not established that he acted diligently in pursuing his rights. Because petitioner can establish neither exceptional circumstances nor diligence, he is not entitled to equitable tolling. Accordingly, the Court should conclude that petitioner's application is untimely.

C. *Merits of Petitioner's Claims*

Alternatively, the Court should deny petitioner's claims on the merits.

1. *Self Defense Act Claims (Claims I-III)*

Petitioner's first three claims are all based on his assertion that the Self Defense Act applies retroactively to his case, and that under the Act the instructions given to his jury were erroneous and his conviction invalid. As noted above, the Self Defense Act became effective on October 1, 2006,

7

well after both the events underlying petitioner's conviction and the conclusion of petitioner's trial and direct appeals. As relevant to petitioner's claims, the Self Defense Act significantly altered the common law "duty to retreat" before a person may use deadly force in self-defense. *See* MICH. COMP. LAWS § 780.972. The Michigan Court of Appeals, however, has concluded that the Self Defense Act does not apply retroactively to conduct which occurred before the Act's effective date. *See People v. Conyer*, 281 Mich. App. 526, 529-31, 762 N.W.2d 198, 200-01 (2008). This determination resolves petitioner's claims. Whether a new state rule or law applies retroactively is a matter of state law. *See Chapman v. LeMaster*, 302 F.3d 1189, 1198 (10th Cir. 2002). Thus, the Michigan Court of Appeals determination that the Self Defense Act does not apply retroactively to pre-Act conduct does not raise a federal constitutional claim cognizable on habeas review. *See Chapman*, 302 F.3d at 1198-99; *King v. Mintzes*, 559 F. Supp. 409, 412-13 (E.D. Mich. 1983) (Cook, J.). Further, "[a] change of law does not invalidate a conviction obtained under an earlier law." *Kleve v. Hill*, 243 F.3d 1149, 1151 (9th Cir. 2001) (citing *Pulley v. Harris*, 465 U.S. 37, 42 (1984); *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973)). Accordingly, petitioner's first three claims, all of which depend on his overarching claim that the Self Defense Act should be applied retroactively, are without merit.

2.  *Post Conviction Review (Claim IV)*

In his fourth claim, petitioner contends that he was denied due process when the trial court failed to consider the merits of his claims on his motion for relief from judgment, instead finding that the claims were procedurally barred. This claim does not state a cognizable basis for habeas relief.

Nothing in the Constitution requires a state to establish a system of postconviction review, and thus "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (internal quotation omitted); *accord Dawson v. Snyder*, 988 F. Supp. 783, 826 (D. Del. 1997) (citing *Steele v.*

8

*Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) and *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)). As the Sixth Circuit has explained:

> [T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir.1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir.2002). . . . [C]laims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.' " *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Though the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir.2002) ("error committed during state post-conviction proceedings can not [sic] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir.2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir.2007). The trial court's rejection of petitioner's motion for relief from judgment on procedural grounds, even if erroneous under state law, does not entitle petitioner to habeas relief. *See Chaussard v. Fulcomer*, 816 F.2d 925, 932 (3d Cir. 1987); *Edwards v. State of Kansas*, 751 F. Supp. 197, 199 (D. Kan. 1990). In short, petitioner's challenge to the state court post-conviction proceedings is not cognizable on habeas review.

D.     *Recommendation Regarding Certificate of Appealability*

1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, the record clearly establishes that petitioner's application is untimely. This is so even if § 2244(d)(1)(C) provided the appropriate starting date, which it clearly does not given that petitioner's claim is not based on a new rule of federal constitutional law. Likewise, the resolution of the merits of petitioner's claims is not

reasonably debatable. His claims based on the Self Defense Act are clearly without merit, in light of the fact that retroactivity of a state statute is a matter of state law. Similarly, petitioner's postconviction review claim raises an issue of state law not cognizable on habeas review, and thus the resolution of that claim is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D. *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should dismiss the petition. Alternatively, the Court should conclude that petitioner's claims are without merit, and should deny the petition on that basis. If the Court accepts either of these recommendations, the Court should deny the certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 6/15/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 15, 2010.
>
>                                     s/Eddrey Butts
>                                     Case Manager