UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM M. MESSENGER,

        Petitioner,

v.                                                                                  No. 09-CV-13860

GREG McQUIGGIN,                                                Hon. Gerald E. Rosen

        Respondent.
_____/

## ORDER DENYING RECONSIDERATION

      This matter is before the Court on Petitioner William M. Messenger's Response to the Court's Order Adopting the Magistrate Judge's Report and Recommendation and Dismissing Petitioner's Habeas Corpus Petition. The Court construes Petitioner's Response as a Motion for Reconsideration, because Petitioner alleges that the Court incorrectly determined in its Order Adopting the Magistrate Judge's Report and Recommendation that Petitioner did not file a timely objection to the Report and Recommendation. Petitioner claims that he filed a timely objection to the Magistrate Judge's Report and Recommendation on June 30, 2010, and even if the Court overrules his objections, he is entitled to a certificate of appealability.

      The Court has no record of any objections filed on or about June 30, 2010. Petitioner has, however, filed two motions for a certificate of appealability in which he reiterates arguments made in his habeas petition and addressed in the Magistrate Judge's Report and Recommendation.

      The requirements for granting motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, but also show that a different disposition of the case must result from a correction of that defect.  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette,* 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Moreover, a motion that merely presents the same issues already ruled upon by the Court – either expressly or by reasonable implication – will not be granted.  L.R. 7.1(h)(3); *see also Flanagan v. Shamo*, 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling.  Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects*

*Procurement v. Continental Biomass Industries, Inc.,* 86 F. Supp.2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F. R. D. 689, 694 (M.D. Fla. 194), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992)).

Petitioner has repeatedly made the same arguments, which the Court has already ruled upon, either expressly or by reasonable implication. Furthermore, Petitioner has not shown a "palpable defect" by which the Court has been misled. Accordingly,

IT IS HEREBY ORDERED that Petitioner's Response to the Order Adopting the Report and Recommendation [dkt. # 15], which the Court has construed as a Motion for Reconsideration, is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** for the reasons given by the Magistrate Judge in his June 15, 2010 Report and Recommendation.

                                            s/Gerald E. Rosen
                                            Chief Judge, United States District Court

Dated:  July 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 6, 2011, by electronic mail and upon William M. Messenger, #238127, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager